NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| TAMEEK T. AVERY,<br><br>Petitioner,<br><br>v.<br><br>PATRICK NOGAN, et al.,<br><br>Respondents. | Civil Action No. 14-4619 (JLL)<br><br>OPINION |

**LINARES**, Chief District Judge:

Presently before the Court is the petition for a writ of habeas corpus of Tameek T. Avery ("Petitioner") brought pursuant to 28 U.S.C. § 2254 challenging Petitioner's state court conviction, (ECF No. 1). Following this Court's Order to Answer, (ECF No. 4), Respondents filed a response to the petition, (ECF No. 16). Petitioner did not file a reply. For the following reasons, this Court will dismiss the petition with prejudice as time barred and will deny Petitioner a certificate of appealability.

## I. BACKGROUND

Because this Court finds that this matter is time barred, only a brief recitation of the procedural history of this matter is necessary for the resolution of Petitioner's habeas petition. Following a jury trial, Petitioner was found guilty of charges including aggravated manslaughter, felony murder, and robbery. (*See* ECF No. 16-12 at 2). On May 2, 1997, Petitioner was sentenced to life imprisonment with a thirty year period of parole ineligibility and a twenty year prison term to run concurrent with his life sentence. (*Id.*). Petitioner appealed, and the Superior Court of New

Jersey – Appellate Division affirmed his conviction and sentence in an opinion issued on June 11, 1998. (ECF No. 16-4). The New Jersey Supreme Court thereafter denied certification on September 24, 1998. (ECF No. 16-5). Petitioner did not file a petition for certiorari.

On August 30, 2000, Petitioner filed a state petition for post-conviction relief ("PCR"). (ECF No. 1 at 4). The state PCR court denied that petition following argument by way of an opinion issued on December 8, 2000. (ECF No. 16-12). Petitioner appealed, and the Appellate Division affirmed the denial of post-conviction relief on October 17, 2002. (ECF No. 16-6). The New Jersey Supreme Court thereafter denied Petitioner's certification on December 11, 2003. (ECF No. 16-7). Petitioner did not file a petition for certiorari.

On March 24, 2004, Petitioner filed in this Court a petition for a writ of habeas corpus challenging his conviction. (Docket No. 04-1481, ECF No. 1). Following briefing, Judge Cavanaugh dismissed that petition without prejudice on May 24, 2006, finding that Petitioner's claims were clearly unexhausted. (Docket No. 04-1481, ECF Nos. 8–9). Petitioner thereafter filed an application for permission to appeal out of time on or about July 27, 2006. (Docket No. 04-1481, ECF No. 10). Judge Cavanaugh denied that request on September 13, 2006. (Docket No. 04-1481, ECF Nos. 13–14).

After the dismissal of his first habeas petition, Petitioner filed a second post-conviction relief petition, which the state PCR Court found to be "extremely untimely."[1] (ECF No. 16-13). The PCR court therefore denied Petitioner's "untimely" second petition on April 9, 2010. (*Id.*). Petitioner appealed, and the Appellate Division affirmed the denial of Petitioner's second PCR petition, finding that Petitioner's petition was not timely filed within one year of the denial of his

---

[1] The State PCR court did not give a filing date, nor does Petitioner in his habeas petition. The New Jersey Appellate Division gave a filing date of "December 28, 2010," but states that the petition was denied in April 2010. (ECF No. 16-8). Presumably, Petitioner's untimely second petition was filed in December 2009, rather than 2010.

2

first PCR petition as required by the New Jersey Court Rules. (ECF No. 16-8 at 2). The New Jersey Supreme Court thereafter denied Petitioner's petition for certification on March 22, 2012. (ECF No. 16-9). Petitioner thereafter filed his current habeas petition on July 21, 2014. (ECF No. 1 at 17).

## II. DISCUSSION

### A. Legal Standard

Under 28 U.S.C. § 2254(a), the district court "shall entertain an application for a writ of habeas corpus [o]n behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." A habeas petitioner has the burden of establishing his entitlement to relief for each claim presented in his petition based upon the record that was before the state court. *See Eley v. Erickson*, 712 F.3d 837, 846 (3d Cir. 2013). Under the statute, as amended by the Anti-Terrorism and Effective Death Penalty Act, 28 U.S.C. § 2244 ("AEDPA"), district courts are required to give great deference to the determinations of the state trial and appellate courts. *See Renico v. Lett*, 559 U.S. 766, 772–73 (2010).

Where a claim has been adjudicated on the merits by the state courts, the district court shall not grant an application for a writ of habeas corpus unless the state court adjudication

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

3

28 U.S.C. § 2254(d)(1)-(2). "'Clearly established Federal law' for purposes of § 2254(d)(2) includes only the holdings, as opposed to the dicta" of the opinions of the United States Supreme Court. *See Woods v. Donald*, 135 S. Ct. 1372, 1376 (2015) (quoting *White v. Woodall*, 134 S. Ct. 1697, 1702 (2014)). "When reviewing state criminal convictions on collateral review, federal judges are required to afford state courts due respect by overturning their decisions only when there could be no reasonable dispute that they were wrong." *Id.* Where a petitioner challenges an allegedly erroneous factual determination of the state courts, "a determination of a factual issue made by a State court shall be presumed to be correct [and the] applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1).

**B. Analysis**

In their response to Petitioner's petition for a writ of habeas corpus, Respondents argue that Petitioner's habeas petition is time barred, and that all of his claims should be dismissed with prejudice as a result. (ECF No. 16 at 31–33). Habeas petitions brought pursuant to 28 U.S.C. § 2254 are subject to a one year statute of limitations. *Ross v. Varano*, 712 F.3d 784, 798 (3d Cir. 2013). That limitations period runs from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review" including the ninety day period for the filing of a petition for certiorari before the Supreme Court. *Id.* In this matter, Petitioner's conviction became final on December 23, 1998, ninety days after the New Jersey Supreme Court denied certification on direct appeal. Petitioner's one year limitations period thus began to run on December 23, 1998, and expired one year later in December 1999.

The one year statute of limitations applicable to habeas petitions, however, is subject to statutory tolling, which applies "while a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." *Pace v. DiGuglielmo*, 544 U.S. 408, 410 (2005) (quoting 28 U.S.C. § 2244(d)(2)). This statutory tolling, however, only applies while a "properly filed" *state*, as opposed to federal, collateral review petition is pending in the state courts. *Id.* at 412–17. As the Supreme Court explained in *Pace*, a PCR petition which is dismissed as untimely filed is not deemed to have been "properly filed" and has no tolling effect. *Id.* Likewise, the filing of a federal habeas petition *does not* toll the running of the statute of limitations, even when that petition was ultimately dismissed without prejudice. *See, e.g., Lawrence v. Florida*, 549 U.S. 327, 331–32 (2007) (tolling only applies to properly filed petitions while they are pending before the *state* courts); *Duncan v. Walker*, 533 U.S. 167, 172-82 (2001) (habeas limitations period not tolled during the pendency of a federal habeas petition).

Because Petitioner's one year limitations period had expired as of December 1999, Petitioner's filing of his first PCR petition in August 2000 provides him no benefit. Even if this Court were to assume that Petitioner's listing of August 2000 as the date of the filing of his first PCR was an error, and that Petitioner's PCR petition was filed *before* December 1999, Petitioner's habeas petition would *still* be time barred by more than a decade. Furthermore, assuming *arguendo* that Petitioner is entitled to statutory or equitable tolling for the period between December 1998, when his limitations period began to run, and December 11, 2003, when his first PCR petition ceased to be pending before the state courts, there is still a gap of nearly eleven years between when his first PCR was no longer pending before the state courts and the filing of his current habeas petition.

As explained above, Petitioner's first habeas petition, which Judge Cavanaugh dismissed in 2006, provides him no tolling benefit, *Duncan*, 533 U.S. at 172–82. Likewise, because Petitioner's second PCR petition, apparently filed in 2009, was found to be "untimely" by the state courts (*see* ECF Nos. 16-8, -13), that petition also fails to provide Petitioner with any statutory tolling benefit. *Pace*, 544 U.S. at 412–17. Thus, even if Petitioner could show that he was entitled to tolling between the date of his conviction and the denial of certification on his first PCR petition, Petitioner's current habeas petition is time barred by more than a decade. Absent a showing on Petitioner's part that he is entitled to the equitable tolling of that more than ten year span, Petitioner's current habeas petition is well and truly time barred.

While equitable tolling has been applied to the habeas limitations period, it "is a remedy which should be invoked 'only sparingly.'" *United States v. Bass*, 268 F. App'x 196, 199 (3d Cir. 2008) (quoting *United States v. Midgley*, 142 F.3d 174, 179 (3d Cir. 1998)); *see also Pabon v. Mahanoy*, 654 F.3d 385, 399 (3d Cir. 2011) (courts should be "sparing in their use" of the doctrine of equitable tolling and should apply it only where "principles of equity would make the rigid application of a limitation period unfair"). To receive the benefit of equitable tolling, a petitioner must show "(1) that he faced 'extraordinary circumstances that stood in the way of timely filing,' and (2) that he exercised reasonable diligence." *United States v. Johnson*, 590 F. App'x 176, 179 (3d Cir. 2014) (quoting *Pabon*, 654 F.3d at 399). Excusable neglect is insufficient to warrant the application of equitable tolling. *United States v. Thomas*, 713 F.3d 165, 174 (3d Cir. 2013).

In his habeas petition, Petitioner presents only one argument as to why he should be permitted to proceed with his current claims—that he received ineffective assistance of counsel during his first post-conviction relief proceeding, and thus can show cause and prejudice to overcome state procedural bars under *Martinez v. Ryan*, 566 U.S. 1 (2012). Petitioner's argument,

however, is based on a flawed premise – *Martinez* addressed only whether ineffective assistance of first-PCR counsel was sufficient cause to permit a habeas petitioner to overcome the procedural default rule, not whether such ineffective assistance can act to toll the habeas limitations period. *Id.* at 4. Indeed, *Martinez* is entirely silent as to the habeas statute of limitations, and courts have consistently held that *Martinez* provides no basis for the equitable tolling of the habeas limitations period. *See, e.g., Bland v. Superintendent Greene SCI*, No. 16-3457, 2017 WL 3897066 (3d Cir. Jan. 5, 2017) ("[t]hough *Martinez* permits a procedurally defaulted claim of ineffective assistance of counsel to be raised where the default was caused by the ineffective assistance of post-conviction counsel, *Martinez* has nothing to do with the governing statute of limitations and cannot excuse a failure to file within the limitations period"); *Wilson v. Sweeney*, No. 11-1201, 2014 WL 714920, at *12 (D.N.J. Feb. 24, 2014) (collecting cases); *see also Arthur v. Thomas*, 739 F.3d 611, 630 (11th Cir. 2014). Thus, *Martinez* does not stand for the proposition that Petitioner should be entitled to equitable tolling of the limitations period.

Even assuming that Petitioner's *Martinez* was sufficient to establish exceptional circumstances sufficient to warrant tolling, Petitioner has failed to establish that he exercised reasonable diligence. As noted above, his current habeas petition is time barred by well over a decade. Even after his second PCR petition was denied by the final reviewing state court in March 2012, Petitioner waited more than two years before he filed his current habeas petition. Petitioner has not explained this delay, and the Court is incapable of finding a showing of diligence on the record before it. Petitioner is thus not entitled to equitable tolling. *Pabon*, 654 F.3d at 399. As Petitioner has not provided any other argument as to why he should be permitted to proceed despite the untimeliness of his habeas petition, and as this Court perceives no basis for permitting

Petitioner to proceed given the circumstances and Petitioner's lack of entitlement to equitable tolling, Petitioner's current petition is well and truly time barred and must be dismissed.

### III. CERTIFICATE OF APPEALABILITY

Pursuant to 28 U.S.C. §2253(c)(2), a petitioner may not appeal from a final order in a habeas proceeding where that petitioner's detention arises out of his state court conviction unless he has "made a substantial showing of the denial of a constitutional right." "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude that the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Because jurists of reason could not disagree with this Court's conclusion that Petitioner's habeas petition is time barred, nor with this Court's conclusions that Petitioner has not shown an entitlement to equitable tolling of the limitations period, Petitioner's habeas petition should not proceed further. As a result, this Court will deny Petitioner a certificate of appealability.

## IV. CONCLUSION

For the reasons expressed above, Petitioner's petition for a writ of habeas corpus is dismissed with prejudice as time barred and Petitioner is denied a certificate of appealability. An appropriate order follows.

DATED: December 18th, 2017

JOSE L. LINARES,
Chief Judge, United States District Court